IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,        :

    Plaintiff,              :        Case No. 2:13-cr-0020

  v.                              :        JUDGE JAMES L. GRAHAM

Nedel Aburokbeh,                 :        Magistrate Judge Kemp

    Defendant.              :

<u>ORDER</u>

    The Court initially detained the defendant, who is a Jordanian national charged with violating 21 U.S.C. §§841 & 846 by possessing and conspiring to possess and distribute a controlled substance, after finding that he had not successfully rebutted the presumption in favor of detention which is prescribed by 18 U.S.C. §3142(e).  After obtaining additional evidence, the defendant filed a motion to reconsider, and the Court held another detention hearing.  Following that hearing, the United States filed a memorandum in opposition to the motion to reconsider, and the defendant filed a further memorandum in support of his motion.  For the following reasons, the Court will deny the motion to reconsider.

    In its initial order of detention, after noting that probable cause existed to support the charges (a factor now established by the Grand Jury's return of an indictment) and applying the §3142(e) presumption against release, the Court evaluated the remaining relevant factors as follows:

> As to other factors germane to detention or release, defendant is a Jordanian citizen but is a permanent U.S. resident. He has been lawfully employed in this country, although recently he has apparently been earning his living through drug trafficking. He has a wife and stepdaughter in Ohio, but the rest of his family is still in Jordan. His wife is ill and he participates in her care, although he has sometimes

> spent several weeks overseas. He also was accused of
> domestic violence on several occasions, although his
> wife testified that there have been no such incidents
> since he stopped drinking alcohol. He does apparently
> use other substances on a fairly routine basis. He has
> no significant past criminal record.

Order of November 30, 2012, at 4. The Court then summarized testimony from a DEA agent to the effect that the defendant had been interviewed by a counterterrorism task force agent, had been structuring financial transactions in connection with sending money overseas, and had a fair number of weapons in his home. The Court balanced these various factors and concluded that detention was appropriate.

Defendant argues that there are changed circumstances which would support his release, including the need for someone besides his daughter, who is a school student, to deal with his wife's illness; the fact that he has made a proffer to the United States; and the fact that there is a substantial question about the illegality of the substances he is accused of dealing in. Defendant attaches a series of legislative proposals, both state and federal, to his memorandum, to show that the chemical in "bath salts" may not be a controlled substance. The United States, however, has cited case authority to the contrary, and notes that under federal law, "controlled substance analogues" are considered controlled substances as well even if not specifically listed as such. See U.S. v. McDaniel, 2012 WL 1598064 (W.D. Va. May 4, 2012), adopted and affirmed 2012 WL 2023467 (W.D. Va. May 29, 2012); see also U.S. v. Sullivan, 2011 WL 3957425 (D. Neb. Aug. 17, 2011), adopted and affirmed 2011 WL 3957271 (D. Neb. Sept. 7, 2011).

It is not this Court's practice to consider either cooperation with the United States, or lack of cooperation, as a factor in determining whether to release a defendant on

conditions.  That is not a statutory factor and it is too easily manipulable to be taken into account in deciding issues about either risk of flight or danger to the community.  The information about defendant's family situation is not really new, although the fact that his daughter may be incurring truancy problems is something the Court was not previously aware of.  Again, however, many defendants in custody have family situations that would be potentially improved by their release, but the Court does not typically take these situations into account except to the extent that they bear on ties to the community or the risk of flight or non-appearance, which are statutory factors.  Cf. U.S. v. Rodriguez, 50 F.Supp. 2d 717 (N.D. Ohio 1999).  That leaves only the controlled substances argument as something the Court has not previously considered.

From the material submitted by defendant, and from the Court's own research, it does not appear that any defendant has successfully challenged a "bath salts" prosecution on grounds that the chemical or chemicals in "bath salts" are not either controlled substances or controlled substance analogues.  Such a challenge may be made in this case, but defendant has not made it yet.  The Court does not believe that there is enough weight to that argument, at least in its current form, to cause the Court to re-examine its views as to the strength of the evidence.  It is still the case that defendant was apprehended in possession of controlled substances and that he had been dealing in substantial quantities of them for some time, generating large amounts of cash by doing so.  That being the case, because the record is essentially the same as it was when the Court issued its original order of detention, it would be inconsistent to reach a different conclusion now.  The Court declines to do so, and denies the motion to reconsider (Doc. 14).  Defendant may, as with the prior order, appeal this order to the District Judge pursuant to the

provisions of 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge